Filed 1/14/21  In re M.L. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re M.L., a Person Coming Under the Juvenile Court Law. | |
| SOLANO COUNTY HEALTH AND SOCIAL SERVICES DEPARTMENT, Plaintiff and Respondent, v. T.L., Defendant and Appellant. | A159357; A160380 (Solano County Super. Ct. No. J43812) |

**BY THE COURT:**

Both of these appeals arise out of dependency proceedings for seven-year-old M.L., whose mother is appellant T.L. (Mother).  On December 21, 2018, respondent Solano County Health and Social Services Department (Department) filed a petition on behalf of M.L. pursuant to Welfare and Institutions Code section 300, subdivision (b)(1).[1]  At a February 2019 dispositional hearing, the juvenile court ordered M.L. removed from Mother's custody and granted her father custody under the supervision of the court pursuant to section 361.2, subdivision (a).  The juvenile court also ordered reunification services for Mother.

---

[1] Further statutory references are to the Welfare and Institutions Code.

1

A six-month review hearing took place in November 2019, and on December 3, the juvenile court found that dependency jurisdiction was justified, denied Mother's request that M.L. be returned to her custody, and ordered family maintenance and reunification services to continue. Mother appealed that order (A159357), contending that the evidence at the hearing showed that it was in M.L.'s best interest to be returned to her custody, and asking this court to "reverse the order of the juvenile court denying [M.L.] be returned to her Mother's care."

In May of 2020, while that first appeal was pending, a twelve-month review took place at which the juvenile court awarded joint legal and physical custody to both parents—summers with Mother in Arizona, and the school year with M.L.'s father in California. The juvenile court then terminated dependency jurisdiction. Mother appealed (A160380), contending that the juvenile court's joint custody order was an abuse of discretion and asking that we reverse and order instead that full custody be awarded to Mother.

On June 16, the Department moved to dismiss the appeal in A159357, arguing that it was moot because Mother had already been granted joint custody at the May 2020 hearing. We denied the motion without prejudice to raising the issue in the Department's brief, which had not yet been filed.

On August 7, Mother filed an application for an emergency order, seeking to modify the existing custody and visitation order to grant her sole custody. The request was heard at an ex parte hearing on August 11. According to a declaration filed with her application, Mother informed M.L.'s father of the hearing by text message but he was not present. At the conclusion of the hearing, the juvenile court granted Mother's application and ordered that Mother have sole physical and legal custody of M.L.

On August 13, we granted the Department's unopposed motion to consolidate the two appeals (A159357 and A160380).

On August 19, Mother filed her opening brief in appeal A160380, arguing that the juvenile court abused its discretion in awarding joint custody at the May 2020 twelve-month review hearing and asking instead that she be granted sole custody.

On September 2, the Department filed a second motion to dismiss, arguing that the consolidated appeals are moot in light of the August 11 order granting Mother full custody. Mother filed opposition, arguing that in light of "irregularities" with the August 11 hearing and order granting her full custody, that order "may not stand," and thus the appeals are not moot.

On November 25, we ordered Mother to file a letter indicating whether the August 11 order awarding her full custody was still in effect and whether she was aware of any appeal of that order. On December 7, Mother's counsel informed us by letter that M.L. is still in her custody and neither she nor her trial counsel are aware of any appeal of the August 11 order.

As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot. (*In re Michelle M.* (1992) 8 Cal.App.4th 326, 329–330.) "[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)

In this case, the juvenile court has terminated its dependency jurisdiction, and Mother has subsequently been awarded full physical and legal custody of M.L.—the same relief she seeks in her more recent appeal. Mother's brief argument that these appeals are not moot suggests that there are "irregularities" with the hearing and order granting her full custody such

3

that it might be reversed.  However, there does not appear to be any pending appeal of that order where such a reversal could be obtained.  For these reasons, these consolidated appeals (A159357 & A160380) are hereby **DISMISSED AS MOOT**.

                        _____

                        Richman, Acting P.J.

We concur:


_____

Stewart, J.


_____

Miller, J.

*In re M.L.* (A159357; A160380)

5